UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRYAN K. LANCE,

       Plaintiff,

v.                                                          Case No:   6:15-cv-1411-Orl-DNF

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff, Bryan K. Lance, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

- 2 -

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform his past relevant work, then he will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for a period of disability and DIB on January 7, 2013. (Tr. 163-64). The claim was denied initially on May 3, 2013, and upon reconsideration on July 29, 2013. (Tr. 101-06, 107-13). Plaintiff requested a hearing and on November 14, 2014, a hearing was held before Administrative Law Judge Michael Calabro (the "ALJ"). (Tr. 43-76). On February 25, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability from November 11, 2011, through the date of the decision. (Tr. 20-42). Plaintiff filed a request for review on April 24, 2015, and the Appeals Council denied Plaintiff's request on May 15, 2015. (Tr. 1-4, 12-16). Plaintiff initiated this action by filing a Complaint (Doc. 1) on August 26, 2015.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 11, 2011, the alleged onset date. (Tr. 22). At step two, the ALJ found that Plaintiff had the following severe impairments: partial right arm paralysis, major depressive disorder and general anxiety disorder. (Tr. 23). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") from May 12, 2011, through August 28, 2012, to

> perform less than the full range of light exertional work as defined in 20 CFR 404.1567(b).  The claimant can frequently reach with the right dominant arm.  The claimant can occasionally handle or finger with the right dominant hand.  The claimant's work is limited to simple and repetitive one to two-step tasks.  He can only occasionally tolerate changes in the work task or work setting.  The claimant cannot work around any hazards such as unprotected heights or dangerous moving machinery.

(Tr. 28).  At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a maintenance worker.  (Tr. 36).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.  (Tr. 37).  Specifically, the ALJ found that Plaintiff can perform the jobs "merchant patroller" and "gate guard."  (Tr. 38).  The ALJ concluded that Plaintiff had not been under a disability from November 11, 2011, through the date of the decision, February 25, 2015.  (Tr. 38).

## II.    Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ appropriately weighed the medical opinions offered by a state agency physician and an examining psychologist; (2) whether the ALJ posed a proper hypothetical question to the vocational expert; (3) whether the ALJ appropriately relied on the vocational expert's testimony; and (4) whether the ALJ adequately weighed the claimant's credibility.  The Court will address each issue in turn.

### a)  Whether the ALJ appropriately weighed the medical opinions offered by a state agency physician and an examining psychologist.

Plaintiff argues that the ALJ erred in his consideration of the opinion of reviewing state agency physician Lionel Henry, M.D., by failing to provide adequate reasons for accepting

portions of the opinion but rejecting others.  (Doc. 19 p. 9-11).  Specifically, Plaintiff contends that the ALJ failed to provide adequate reasons for rejecting Dr. Henry's opinion as it relates to Plaintiff's right arm and hand.  (Doc. 19 p. 12-13).  Plaintiff also contends that the ALJ erred in his treatment of the opinions of examining psychologist Dano A. Leli, Ph.D.  (Doc. 19 p. 13-14). Plaintiff argues that the ALJ erred by failing to address all the limitations opined by Dr. Leli and failing to provide adequate reasons for not assigning more weight to the opinions.  (Doc. 19 p. 14).

In response, Defendant argues that the ALJ appropriately declined to accept the entirety of the medical opinions from Dr. Henry and Dr. Leli.  (Doc. 19 p. 14-15).  Defendant contends that Plaintiff fails to explain how Dr. Henry's opinion regarding his right arm impermissibly conflicts with the ALJ's decision. (Doc. 19 p. 15).  Further, Defendant argues that even if Dr. Henry's opinion conflicted with the ALJ's RFC finding, substantial evidence would support the ALJ's determination that Plaintiff could perform the work described in the RFC.  (Doc. 19 p. 16).  In addition, Defendant argues that substantial weight supports the ALJ's decision to give some weight to the medical opinions of Dr. Leli.  (Doc. 19 p. 18).

The Court will address Plaintiff's arguments as they pertain to Dr. Henry and Dr. Leli separately.

### 1)  The opinion of Dr. Henry

The record shows that Dr. Henry reviewed the available medical evidence in July 2013. (Tr. 98).  Dr. Henry opined that Plaintiff could perform the lifting, carrying, sitting, and standing requirements of light work.  (Tr. 96).  Dr. Henry also opined that Plaintiff had manipulative limitations, stating that Plaintiff was "limited" in reaching, handling, and fingering with his right arm and hand.  (Tr. 97).

In his decision, the ALJ addressed Dr. Henry's opinion as follows:

> The undersigned also gives substantial weight to State agency consultant Lionel Henry, M.D., who opined the claimant would be able to perform at the light exertional level (Exhibit 3A).   Dr. Henry cited Dr. Lanza-Fuentes' examination that demonstrated a normal gait and that the claimant was able to walk on heels and toes (*See* Exhibit 2F).   Dr. Henry further noted that there was reduced muscle strength in the right hand and paralysis in the right upper extremity.
>
> However, the undersigned does not concur with Dr. Henry's conclusion that the claimant has limited fingering and handling in the right hand and accords this specific opinion little weight.   The evidence demonstrates that an occasional basis is most appropriate.   Dr. Lanzas-Fuentes noted that although the right hand was very weak, the claimant was able to make a fist and grip strength was thirteen pounds per square inch.   Dr. Leli observed the claimant demonstrated only mild to moderate hemiparesis in his affected hand (Exhibit 8F).   Furthermore, Dr. Shekhadia observed right sided weakness on finger to nose coordination but dysmetria was not noted and a mild right sided hemiperetic gait was noted (Exhibit 9F).

(Tr. 34).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.,* 877 F.Supp.2d 1254, 1265 (M.D. Fla. 2012).   The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).   Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds that the ALJ committed no error in his treatment of Dr. Henry's opinion.   As a non-examining physician, Dr. Henry's opinions was not entitled to any deference.

*See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).  Nevertheless, the ALJ considered the opinion, stated the weight he accorded it, and explained his reasoning for giving parts of it greater weight than others.  In this way, the ALJ fulfilled *Winschel*'s requirements to state with particularity the weight given to an opinion and the reasons therefor.

The Court rejects Plaintiff's argument that the ALJ failed to adequately explain his reasoning for according little weight to Dr. Henry's opinion concerning Plaintiff's right arm and hand.  First, as Defendant notes, Dr. Henry's opinion that Plaintiff was "limited" in reaching, handling, and fingering with his right arm and hand is not contradicted by the ALJ's RFC finding that Plaintiff is limited to "frequent" reaching with his right arm and "occasional" handling and fingering with his right hand.  (Doc. 19 p. 15-16).  Thus, while the ALJ accorded little weight to Dr. Henry's opinion concerning Plaintiff's right arm and hand limitations, these limitations are still accounted for in the RFC finding.

Second, Plaintiff has failed to show that the ALJ's reasons for according little weight to Dr. Henry's opinion concerning Plaintiff's right hand and arm was not supported by substantial evidence.  While the Court agrees with Plaintiff contention that having a hemiparetic gait has nothing to do with Plaintiff's ability to use his right arm and hand, the ALJ did not rely on this fact alone.  The ALJ also noted that Dr. Lanzas-Fuentes noted that Plaintiff's right hand grip strength was thirteen pounds per square inch and that Dr. Leli noted that Plaintiff demonstrated only mild to moderate hemiparesis in his right hand.  (Tr. 34).  This evidence constitutes substantial evidence supporting the ALJ's decision.

### 2)  The opinion of Dr. Leli

The record shows that Plaintiff underwent a neuropsychological assessment performed by Dr. Dano Leli, with testing by Dr. Leli's trainees (Tr. 371), on July 31, 2013; August 8, 2013;

August 9, 2013; and August 27, 2013. (Tr. 371). Dr. Leli observed Plaintiff had only "mild to moderate" hemiparesis in his right hand (Tr. 378). Dr. Leli noted that Plaintiff underwent a closed head injury at the age of 19 during a car accident requiring a burr hole to be drilled in the right frontal part of his skull. (Tr. 372). Plaintiff indicated that he had difficulty maintaining attention and concentration; was easily distracted; has difficulties following instructions and directions; has difficulty learning new information; difficulties remembering with short-term functioning; and difficulties with fine motor skills involving his right hand. (Tr. 373-374). He further indicated that he was experiencing difficulties with depression and anxiety. (Tr. 374-375). During the mental status examination, Dr. Leli indicated that Plaintiff's "cognitive and emotional insights were judged to be poor." (Tr. 378). It was also noted that his "interpersonal reasoning, judgment, and planning were judged to be marginal to adequate." (Tr. 378).

After the objective testing was administered and reviewed, Dr. Leli indicated that Plaintiff's cognitive and visual-motor difficulties were likely the result of neuropathological brain changes resulting from his closed head injury; Plaintiff was experiencing chronic generalized anxiety disorder associated with a chronic checking compulsion; Plaintiff was experiencing moderate recurrent major depressive disorder with fleeting thought of suicide without plans or intent; Plaintiff has a tendency to unconsciously channel emotional conflicts, issues, problems, and concerns into the form of somatic symptoms, and/or inter the exacerbation of existing organic based pathology; and Plaintiff has longstanding difficulties with dependent, passive-aggressive, passive-avoidant and avoidant traits. (Tr. 383-384). Dr. Lance diagnosed Plaintiff with Dementia due to a severe complicated traumatic concussive closed head injury; Generalized Anxiety Disorder; Major Depressive Disorder; Specific Phobia Situational Types (interviews and driving

to unfamiliar places), Somatization coping and anxiety resulting in episodic vomiting; and Dependent, passive-aggressive, passive-avoidant, and avoidant traits.  (Tr. 383-384).

Dr. Leli opined that Plaintiff could adequately perform his personal and instrumental activities of daily living; he needs directions and supervision to perform tasks; he has the capability of performing tasks he has learned; he has difficulties with generalizing what he learns in one situation to another situation; he is likely to have difficulties in any type of job that requires independent thought and decision-making; he is likely to be able to function on a job that has tasks that have to be repeated on a consistent basis without deviation; he has the ability to drive in familiar settings; and he does not have the capability to independently manage financial matters. (Tr. 385-386). Dr. Leli then indicated that Plaintiff should undergo cognitive retraining, psychopharmacological intervention, and opined that "it is not likely he can be successfully gainfully employed in either private or public sectors for the minimum of the next 18 to 24 months due to his neuropsychological and psychological difficulties." (Tr. 386).  Dr. Leli apparently did not see Plaintiff after providing feedback from the examination.  (Tr. 387, 393).

In his decision, the ALJ addressed Dr. Leli's opinions as follows:

> As for Dr. Leli's opinions, the undersigned accords only some weight
> (Exhibit 8F).  The opinions are mostly consistent with the examinations
> administered, such as he is likely to be able to function on a job that has
> tasks that have to be repeated on a consistent basis.  However, these
> opinions are the result of very limited encounters for examination
> purposes only.  Additionally, it is not clear where the opinion that the
> claimant has acute anxiety when driving in unfamiliar situations that could
> interfere with adequate functioning, is derived from.  Dr. Leli's opinion
> that the claimant is unable to independently manage his financial matters
> conflicts with consultative examiner Dr. Ramirez who noted the claimant
> answered all change-making problems correctly (*See* Exhibit 3F).  For
> these inconsistencies and the limited contact, the undersigned can only
> give some weight.

(Tr. 35).

Here, Plaintiff has failed to show that the ALJ committed reversible error in his treatment of Dr. Leli's opinions.  The ALJ stated the weight he accorded Dr. Leli's opinions and articulated his reasons therefor.  Despite Plaintiff's argument that the ALJ ignored Dr. Leli's limitation findings in his analysis, the ALJ addressed Dr. Leli's limitations at length earlier in his decision. (Tr. 31-33).  Thus, while the ALJ may not have discussed each of Dr. Leli's limitation findings in the paragraph in which he sets forth the weight he was according the opinions, it is clear that the ALJ considered these limitations in weighing Dr. Leli's opinions.

The Eleventh Circuit has directed that a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The Court will not do so here and affirms the ALJ's decision to accord some weight to Dr. Leli's opinions.

**b) Whether the ALJ posed a proper hypothetical question to the vocational expert.**

Plaintiff argues that the ALJ erred by failing to pose a hypothetical question that adequately reflected Plaintiff's limitations.  (Doc. 19 p. 20).  Plaintiff notes that while in the ALJ's decision the ALJ found that Plaintiff had the RFC to perform "less than the full range of light exertional work as defined in 20 CFR 404.1567(b)," in the hypothetical question to the vocational expert, the ALJ asked the vocational expert to assume an individual "working at the light exertional level." (Doc. 19 p. 20-21 citing Tr. 28, 71).  Plaintiff contends that it is not clear what the ALJ means by "less than the full range of light work" and remand is necessary because the hypothetical question did not match the ALJ's own RFC finding.  (Doc. 19 p. 22).

Defendant contends that the ALJ's inclusion of "less than" before "the full range" in the ALJ's RFC finding appears to be a typographical error.  (Doc. 19 p. 22).  Defendant argues that the remainder of the ALJ's decision and the ALJ's discussion with the vocational expert shows

that the ALJ actually limited Plaintiff to a full range of light work with additional, nonexertional limitations. (Doc. 19 p. 22-23).

In order for the testimony of a vocational expert to "constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Here, there is no question that the ALJ's RFC finding contains greater limitations than those contained in the hypothetical question posed to vocational expert. Thus, remand is appropriate because the vocational expert's testimony does not constitute substantial evidence.

The Court does not find, as Defendant sets forth, that the ALJ's inclusion of "less than" before "the full range of light work" was an obvious typographical error and, thus, remand is inappropriate. Typographical errors, unless they substantially change the outcome of a decision, are considered nothing more than a clerical error and will not warrant remand. *Wright v. Barnhart*, 153 F.App'x 678, 684 (11th Cir. 2005). The alleged error in this case would substantially change the outcome of the case because it would undermine the ALJ's reliance on the vocational expert's testimony at step five of the sequential evaluation.

Finally, to the extent that Plaintiff argues that the hypothetical question to the vocational expert was insufficient because it did not include the limitation findings of Dr. Henry and Dr. Leli, the Court rejects this argument. As explained above, substantial evidence supported the ALJ's treatment of these opinions and his decision not to adopt the full extent of their limitation opinions.

Because remand is necessary due to the ALJ's RFC finding containing greater limitations than contained in the hypothetical question posed to the vocational expert, the Court will refrain from addressing the other issues raised by Plaintiff at this time.

## III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the

Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -